# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:21-cv-325-MOC-WCM

| MARILYN BOROM, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| KATHERINE COX, et al., | ) |  |
|  | ) |  |
| **Defendants.** | ) |  |

**THIS MATTER** comes before the Court on a Motion for Partial Dismissal for Failure to State a Claim, filed By Defendants Katherine Cox, Angela Pittman–Vanderweide, Transylvania County Department of Social Services, Amanda Vanderoef, and Transylvania County, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 26).

## I.   BACKGROUND

Plaintiff Marilyn Borom filed this action on October 29, 2021. She filed an Amended Complaint on April 5, 2022, naming the following persons and entities as Defendants: Katherine Cox, Angela Pittman–Vanderweide, Transylvania County Department of Social Services, Amanda Vanderoef, and Transylvania County. Plaintiff alleges that she was a career-status state employee and is an openly gay woman in a long-term, committed relationship with her domestic partner, Sarah Brown. (Doc. No. 22, ¶ 12). Plaintiff began working at Transylvania County DSS on or around March 6, 2020, as a social worker, "providing protective, investigative, counseling, and case management services for families with children at risk of neglect or abuse." (Id. at ¶ 13). Plaintiff alleges that she began observing "frequent violations of Transylvania DSS policy, the North Carolina Administrative Code, and/or the North Carolina General Statutes," and that

1

Defendants Pittman-Vanderweide, and Cox "created or knowingly permitted a culture of fear and intimidation such that employees were threatened with disciplinary action and/or termination if they spoke out against the violations." (Id. at ¶ 14).

Plaintiff alleges, "upon information and belief," that her domestic partner Ms. Brown reported the unlawful activity to several individuals and authorities, including Dr. Pittman-Vanderweide, the Transylvania County Manager, the Transylvania County Board of Commissioners, the Board of Directors for the Transylvania County DSS, and the North Carolina Department of Health and Human Services. (Id. at ¶¶ 19–21). In response to Ms. Brown's complaints, no action was taken by any of the various individuals and authorities to which those grievances were reported. (Id.).

On March 26, 2021, Plaintiff was placed on investigatory leave. (Id. at ¶ 22). On or around April 16, 2021, Plaintiff was terminated by Transylvania County DSS for "grossly inefficient job performance resulting in the creation of the potential of serious harm to a client and unacceptable personal conduct including conduct for which no reasonable person should expect to receive prior warning, conduct constituting violations of state and federal law, willful violation of known work rules and conduct unbecoming that is detrimental to County's services." (Id. at ¶ 24).

In May 2021, Plaintiff requested that her termination be reconsidered, but it was ultimately upheld. (Id. at ¶¶ 25–27). On May 27, 2021, Plaintiff filed a grievance with Transylvania County DSS regarding her termination, which she alleges went unanswered. (Id. at ¶ 29). Following her grievance, on or around July 27, 2021, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging her discharge was discriminatory and in retaliation for whistleblowing, claiming she acted as a whistleblower through her partner. (Id. at

¶ 30).

Based on the above factual allegations, Plaintiff purports to bring the following claims against Defendants: (1) violation of Title VII of the Civil Rights Act of 1964 against the County (Claim One); (2) Wrongful Termination Against Public Policy – Sex against the County (Claim Two); Wrongful Termination Against Public Policy – Retaliation against DSS and the County (Claim Three); a 42 U.S.C. § 1983 claim against the County alleging termination in violation of Plaintiff's First Amendment rights as a policy or custom of the County pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (Claim Four); a 42 U.S.C. §§ 1983 and/or 1985 conspiracy claim against Vanderoef, Pittman-Vanderweide, and Cox in their individual capacities (Claim Five); and a civil conspiracy claim against Vanderoef, Pittman-Vanderweide and Cox in their individual capacities (Claim Six). As relief, Plaintiff seeks costs, attorney fees, and punitive damages against all Defendants.

On May 10, 2022, Defendant filed the pending motion for partial dismissal. (Doc. No. 26). Defendants move to dismiss Plaintiff's third claim for wrongful discharge against DSS, Plaintiff's fifth claim for relief against Vanderoef, Pittman-Vanderweide, and Cox for conspiracy under 42 U.S.C. §§ 1983 and 1985, Plaintiff's sixth claim for relief for civil conspiracy under North Carolina state law against Vanderoef, Pittman-Vanderweide and Cox, and Plaintiff's claims for punitive damages against Transylvania County. Plaintiff has filed a Response, (Doc. No. 28), and Defendant has filed a Reply, (Doc. No. 30). This matter is therefore ripe for disposition.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule

3

12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

#### A. Plaintiff's Claim Against Transylvania County DSS

The capacity of an entity to sue or be sued is determined under North Carolina law. See FED. R. CIV. P. 17(b)(3). In North Carolina, "[n]either the [County] Board of Health or Social

4

Services is a legal entity separate and apart from the county. Both boards are created by, and are extensions of, the county." Avery v. Burke Cnty., 660 F.2d 111, 113–14 (4th Cir. 1981). Thus, in North Carolina, county DSS agencies are not legal entities capable of being sued. See, e.g., Pratt v. Pitt Cnty. Dep't of Soc. Servs., No. 4:416-CV-00198-BR, 2016 WL 7057473, at *3 (E.D.N.C. Oct. 24, 2016), overruled on other grounds, 2016 WL 7046752 (E.D.N.C. Dec. 2, 2016); Loughlin v. Vance Cnty. Dep't of Soc. Servs., No. 5:14-CV-219-FL, 2015 WL 11117120, at *4 (E.D.N.C. Mar. 31, 2015). Here, because Defendant Transylvania County DSS is not a legal entity capable of being sued, Plaintiff's claims against it are dismissed.[1]

### B. Plaintiff's Claims for Conspiracy under Sections 1983 and 1985 in Her Fifth Claim for Relief and under North Carolina State Law in Her Sixth Claim for Relief

In her fifth claim for relief, Plaintiff purports to assert a claim against Vanderoef, Pittman-Vanderweide, and Cox for conspiring against her under 42 U.S.C. §§ 1983 and 1985. In her sixth claim for relief, Plaintiff contends that Defendants Vanderoef, Pittman-Vanderweide, and Cox conspired against her in violation of North Carolina state law.

To establish a civil conspiracy under Sections 1983 and 1985, Plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy" which resulted in a deprivation of her constitutional right. Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996) (citing Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992)). Similarly, under North Carolina law, to state a conspiracy claim, the plaintiff must allege that there was "a wrongful act resulting in injury to another committed

---

[1] In any event, Plaintiff has abandoned her claim against Defendant Transylvania County DSS by failing to address in her response brief Defendants' arguments supporting dismissal.

5

by one or more of the conspirators pursuant to the common scheme and in furtherance of the objective." Franklin v. Yancey Cnty., No. 1:09CV199, 2010 WL 317804, at *4 (W.D.N.C. Jan. 19, 2010) (quoting Tag to Print 2State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 362 N.C. 431 (2008)). Here, given the extremely lenient pleading standards under Iqbal and Twombly, the Court will deny the motion to dismiss as to both of Plaintiff's conspiracy claims. While it is a close call, the Court finds that Plaintiff has alleged enough factual allegations to survive Defendants' motion to dismiss as to these claims.[2]

### C. Plaintiff's Claim for Punitive Damages

Finally, as to Plaintiff's claim for punitive damages, it is settled that punitive damages are not available against a municipality under federal or state law. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Long v. City of Charlotte, 306 N.C. 187, 207 (1982). Thus, Plaintiff's prayer for punitive damages against Defendant Transylvania County will be dismissed.

### IV. CONCLUSION

For the reasons stated herein, the Court dismisses with prejudice (i) Plaintiff's third claim against Transylvania County DSS, and (ii) Plaintiff's claims for punitive damages against the County.

**ORDER**

---

[2] The Court notes that Defendants rely heavily on the Fourth Circuit's decision in Penley v. McDowell Cnty. Bd. of Educ., 876 F.3d 646, 660 (4th Cir. 2017), in support of the motion to dismiss. The Penley court's decision, however, was an appeal from this Court's grant of a summary judgment motion to the defendants. Of course, the district court's standard of review on a motion to dismiss differs from and is much more lenient than the standard of review on a summary judgment motion. Defendants may certainly renew their request for a dismissal of Plaintiff's conspiracy claims after the parties conduct discovery and at the summary judgment stage.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Partial Dismissal, (Doc. No. 26), is **GRANTED in part** in accordance with this Order.

Signed: July 13, 2022

Max O. Cogburn Jr.
United States District Judge