IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:21-CV-325-MOC-WCM

| | |
|---|---|
| MARILYN BOROM, <br><br> Plaintiff, <br> v. <br><br> KATHERINE COX, <br><br> DR. ANGELA PITTMAN-VANDERWEIDE, <br><br> AMANDA VANDEROEF, <br><br> TRANSYLVANIA COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> TRANSYLVANIA COUNTY, NORTH CAROLINA, <br><br> Defendants. | **CONSENT PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Motion for Consent Protective Order (Doc. 40). The motion is granted, and the parties' proposed Order is accepted, *except as amended where indicated*.

\*\*\*

Documents and information have been requested by Plaintiff and Defendant in the above captioned proceeding, which relate to Transylvania County Department of Social Services ("Transylvania County DSS") employee personnel records, as well as Plaintiff's personnel records from Henderson County Department of Social Services ("Henderson County DSS") (collectively "Confidential Documents and Information"), that may be disclosed only pursuant to court order, pursuant to N.C. Gen. Stat. § 153A-98(c)(4).

The Parties have sought such an order so as to be in compliance with this statute. Both Transylvania and Henderson County DSS will produce the Confidential Documents and Information pursuant to this Order.

BY CONSENT, IT IS HEREBY ORDERED, in the exercise of the Court's discretion and the inherent power of the Court to do all things that are reasonably necessary for the proper administration of justice in the matters before the Court, that the following terms and provisions shall govern the Confidential Documents and Information sought by the Parties in this action:

1. "<u>Confidential Documents and Information</u>" as used in this Order shall be construed to include the documents and things so marked, their content, their substance and the information contained in or gleaned from them. The term shall also be construed to include any summaries, quotes, excerpts, and/or paraphrases, of the Confidential Documents and Information, captured in any form of medium, including but not limited to, electronic image, e-mail, photocopy or re-production therein. If information contained or found in "Confidential Documents and Information" is also obtained from an independent, non-privileged, non-confidential source, such information is expressly excluded from consideration as "Confidential Documents and Information" under the terms of this Confidentiality and Protective Order.

2. <u>Marking of Confidential Documents</u>. Confidential Documents and Information may only be marked as "CONFIDENTIAL," "PROTECTED BY COURT ORDER," or similarly descriptive language along the edges or borders of the documents. Such markings shall in no way cover the printed content of a Confidential Document. Watermarks or other markings that interfere with the production of accurate and legible copies of the documents shall not be permitted. The inadvertent failure to mark any information, document or material pursuant to this Order, as

"Confidential", shall not constitute a waiver of any otherwise valid claim for protection, so long as the claim is made within (15) days of production of the discovery.

3. <u>Access to Confidential Documents and Information by Qualified Persons</u>. Confidential Documents and Information shall be made available only to "Qualified Persons" and only under the terms and conditions of this Order. The persons described in Paragraphs 3a., 3.b., 3.c., 3.d. and 3.e. are automatically deemed to be "Qualified Persons," and the persons described in Paragraph 3.f., are deemed "Qualified Persons" only after they have complied with the truthful execution of a Declaration of Compliance with Protective Order, as set forth below:

    a. This Court, officers of this Court involved in this lawsuit, and court reporters and videographers involved in any depositions taken in this case;

    b. Counsel of record for the parties to this lawsuit;

    c. Those paralegals, legal assistants and law clerks who are employed by and assisting counsel of record during the pendency of this action;

    d. The officers, directors, and in-house counsel for Defendants; or the Plaintiff;

    e. Any expert or consultant who has been retained or specially employed by a party to this action; and,

    f. Journalists and members of the media are expressly <u>prohibited</u> from claiming status as a Qualified Person without prior notice and an opportunity to be heard by all parties.

4. <u>Declarations of Compliance with Protective Order</u>. Before any Confidential Documents and Information can be disclosed to persons described in Paragraph 3.f., counsel for the revealing party shall ensure that the person has read this entire Protective Order, has agreed to

its terms and to be subject to the jurisdiction of this Court for purposes of enforcing this Protective Order, and has truthfully executed a Declaration of Compliance with Protective Order, the form of which must follow **Exhibit A**, which is attached hereto and incorporated by reference. Counsel for the revealing party shall maintain such Declarations of Compliance with Protective Order.

5. Use of Confidential Documents and Information in This Lawsuit   Except as otherwise may be provided in this Order, Confidential Documents and Information shall be used solely for purposes of this litigation.

6. Filing and Sealing. ~~When a party files with the Court Confidential Documents and Information, including confidential portions of any deposition, the party shall file them under seal.~~ *To the extent any party seeks leave to file Confidential Documents and Information with the Court under seal, such request shall be made in conformity with the Local Rules of this district, including Local Civil Rule 6.1.*

7. If Confidential Documents Are Subpoenaed. If counsel for any party to this Order should receive a notice(s) of subpoena or any other request for production of Confidential Documents and Information that have been hereby disclosed under the terms of this Protective Order, that party's counsel shall , if the request is made in fewer than ten (10) days for compliance, within two (2) days, or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the counsel for the other parties to this Order in writing and via facsimile or e-mail. The subpoenaed party shall have the responsibility of obtaining relief from the subpoena, order or other request for production prior to the date for compliance and shall not produce the Confidential Documents and Information without an Order of a Court of competent jurisdiction compelling production.

8. <u>Disposal at the Conclusion of This Action</u>. At the conclusion of this action, if not sooner, all Confidential Documents and Information, and all copies thereof, shall be returned to counsel for DSS. At the conclusion of this action, however, counsel for the parties may retain their work product materials, including any working copies of Confidential Documents and Information upon which they have made substantive notations. Any such work product materials retained by counsel shall remain subject to this Order, and these attorneys shall remain subject to the jurisdiction of this Court. After the termination of this case, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and Qualified Persons for the enforcement of the provisions of this Order. *The provisions of this Paragraph do not apply to Confidential Documents and Information provided to the Court or appearing on the Court's docket, which information may be subject to a final order of the Court upon the conclusion of the litigation.*

9. <u>Amendments</u>. Nothing in this Order will prejudice any party from seeking amendments broadening or restricting the rights of access to, and the use of Confidential Documents and Information, or from contesting the designation of a Confidential Document or a Qualified Person.

10. <u>No Waiver</u>. It is acknowledged that the terms of the Order shall not be construed as a waiver of any other discovery objection properly within the scope of the Rules of Civil Procedure.

11. <u>Enforcement</u>. Any person or entity who is shown to have made an unauthorized disclosure of information protected by this Order shall be subject to civil contempt, attorney's fees, actual damages caused by the disclosure, or any other penalties that may be imposed by the Court as justice requires. Compliance with the terms of this Order shall serve as compliance with any

other pre-existing obligation of confidentiality previously imposed upon any party by the North Carolina General Statutes and/or private agreement.

Signed: February 6, 2023

W. Carleton Metcalf
United States Magistrate Judge

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:21-CV-325-MOC-WCM**

| | |
|---|---|
| MARILYN BOROM,<br><br>    Plaintiff,<br>v.<br><br>KATHERINE COX,<br><br>DR. ANGELA PITTMAN-VANDERWEIDE,<br><br>AMANDA VANDEROEF,<br><br>TRANSYLVANIA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>TRANSYLVANIA COUNTY, NORTH CAROLINA,<br><br>    Defendants. | **DECLARATION OF COMPLIANCE** |

  I, _____, being first duly sworn, depose and state the following:

  1. I certify that I have read the Protective Order dated _____ and entered in the above-captioned case before reviewing or receiving access to the content of any of the documents subject to the provisions of this Protective Order.

  I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. Specifically, I understand that I may not make copies of any Confidential Documents and Information, and I must return any and all copies of Confidential Documents and Information in accordance with the terms of the Protective Order.

  I understand that the unauthorized disclosure of a document or information protected by the Protective Order may constitute breach of this Declaration and Agreement and may subject me

both to the contempt powers of the courts of North Carolina or the Federal Courts of the United States of America, and to liability to others.

Upon request, but no later than thirty (30) days following a final resolution of this action, I agree promptly to return all documents or materials protected by the Protective Order to the person or entity from whom I received the documents or materials, and I will not retain copies of these documents or materials.

I subject myself to the jurisdiction and venue of said Court for purposes of enforcing this Affidavit and Agreement and the Protective Order.

_____

Print name: _____